MILLER, MAYHEW & CO. *v.* MAYFIELD & TRAYLOR.

1. BILLS AND NOTES : CONFLICT OF LAWS : GOVERNED BY LEX LOCI.—A promissory note is, as to the rights acquired by an indorsee, governed by the law of the place where it is executed and made payable.
2. SAME : BONA FIDE INDORSEE NOT AFFECTED BY ANTECEDENT EQUITIES.—By the rules of the common law, the *bona fide* indorsee of a promissory note for value takes it exempt from all equities existing between any of the antecedent parties.
3. SAME : MEANING OF "DUE COURSE OF TRADE."—The term "due course of trade," when applied to the indorsement of a promissory note, means, that the indorsement was for value.
4. HIGH COURT : ERROR : WHEN IT WILL CAUSE REVERSAL.—The improper overruling of a demurrer to a pleading is error, for which a final judgment, rendered against the demurrant upon the verdict of a jury, will be reversed, unless the record show clearly and positively that the verdict and final judgment are correct.

ERROR to the Circuit Court of Itawamba county.    Hon. Joel M. Acker, judge.

*Sale* and *Phelan,* for plaintiffs in error,
Cited *Emanuel* v. *White,* 34 Miss. R. 56.

*Dowd* and *Sykes*, for defendants in error,

Cited and commented on *Emanuel* v. *White*, 34 Miss. R. 56; *Allen* v. *Agricultural Bank*, 3 S. & M. 48; 6 Mart. La. R. (N. S.) 566; *Morgan* v. *Yarborough*, 13 La. R. 74; *American Bank* v. *Jenness*, 2 Met. 288; *Jenness* v. *Bean*, 10 N. H. 266.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiffs in error to recover upon a promissory note, made by the defendants in error at Memphis, in the State of Tennessee, and payable in bank there, dated 27th April, 1855, and due on the 1st January after date, to one Roberts, as payee. The declaration avers, that Roberts indorsed and delivered it to Furguson & Neill, for whose use the note was originally made, "who then and there before its maturity indorsed and delivered it to the plaintiffs, who received it *bona fide* in due course of trade, without notice of any payment, set-off, or other defence against the same." The defendants pleaded, first, the general issue, and fifthly, denying the transfer of the note to the plaintiffs before maturity, and averring that they had paid the note to Furguson & Neill before any notice to them of the transfer of it to the plaintiffs; upon which pleas issues were taken by the plaintiffs. They also pleaded by the second, third, and fourth pleas, 1st. That before they had notice of the transfer by Furguson & Neill, they paid them the note; 2d. Payment to them on the day of maturity of the note, and before notice of transfer; 3d. Payment to them before the maturity of the note, and before notice of its transfer. Tŏ which pleas the plaintiffs demurred, and the court overruled the demurrer.

The error assigned is the judgment of the court upon this demurrer.

It is admitted that the note, being executed and made payable in Tennessee, is governed, as to the rights of the parties, by the law of that State; and that the general rule of the commercial law, in relation to the right of a *bona fide* indorsee of such paper for value, to recover upon it against the maker, regardless of any defence which the maker might have set up as between himself and the payee, prevails in that State, and is applicable to this note. It is also admitted, that the payment of a note by the maker to the

payee before maturity or afterwards, and after the same had been transferred to a *bona fide* holder for value, would constitute no defence to an action by such indorsee against the maker.

The case as presented by the demurrer, then, is this : the declaration avers an indorsement of the note by Furguson & Neill to the plaintiffs before maturity, and that they received it "*bona fide*, and in due course of trade, without notice" of any payment or other defence on the part of the defendants. To this the defendants plead, that they . paid it to Furguson & Neill before notice of the transfer to the plaintiffs.

It is too clear for any controversy, that this was no defence to the action. The title of the plaintiffs, as stated in the declaration, was that they had received the note before maturity, *bona fide* and *in due course of trade*, without notice of any defence against it. The terms "*due course of trade*" are equivalent to an averment that they received it *for value ;* for if they took it *bona fide*, in due course of trade, and without notice, &c., they became the legal holders, whether they received it for present value paid for a pre-existing debt, or as collateral security. Story's Prom. Notes, § 195.

The pleas, by their silence, admit the indorsement and delivery as stated, but say that they paid the note or the amount of it to Furguson & Neill before notice of the transfer. If so, it was at their own peril, and it does not affect the right of the plaintiffs to recover ; for it was not incumbent on the plaintiffs to give notice of the transfer to the defendants, in order to hold it unaffected by any transactions with reference to it which might subsequently take place between Furguson & Neill and the defendants.

The demurrer should, therefore, clearly have been sustained.

But it is insisted that, nevertheless, the judgment should be affirmed, inasmuch as the case was tried on the first and fifth pleas; and by the latter of these pleas, that the averment of transfer of the note before maturity is denied and put in issue, and the verdict was for the defendants as to part of the payments claimed, and hence that it must be taken as established by the verdict, that the transfer was not made before maturity, or that the payments were made before the transfer.

Upon what state of evidence, or whether upon any evidence, this verdict was founded, it does not appear. It is not improbable that

it was upon the same rulings in relation to the law of the case held by the learned judge upon the demurrer. But be that as it may, it is plain that there was error to the plaintiff's prejudice in the judgment on the demurrer, and that entitles the plaintiff to a reversal of the judgment, unless it appeared positively from the evidence adduced before the jury, that the judgment upon the whole record was correct, and that no prejudice was done to the plaintiffs by the erroneous ruling on the demurrer.

Judgment reversed, and cause remanded for a new trial.